**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4854**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARA MEOTTA ISHON FLOWERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., District Judge.  (3:16-cr-00023-RJC-DCK-1)

_____

Argued:  May 10, 2018                                    Decided:  June 4, 2018

_____

Before GREGORY, Chief Judge, and WYNN and THACKER, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

**ARGUED:**  Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.  **ON BRIEF:**  Ross Hall Richardson, Interim Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jara Meotta Ishon Flowers ("Appellant") pled guilty in the district court to Hobbs Act extortion under color of official right in violation of 18 U.S.C. § 1951(a). She appeals her conviction. The Government filed a motion to dismiss the appeal as barred by the appellate waiver in Appellant's plea agreement. We grant the Government's motion and dismiss the appeal in part. We affirm the district court's decision as to the remainder of the appeal.

## I.

### A.

While employed as a correctional officer at a state operated correctional facility in North Carolina, Appellant entered into an arrangement with at least one inmate at the facility to use her position to smuggle contraband into the facility in exchange for payment. Per this agreement, the inmate would provide Appellant with the contact information of an individual outside the prison whom Appellant would then meet to obtain the contraband and payment for her services.

In 2015, state and federal authorities began an investigation into the smuggling of contraband into the correctional facility where Appellant worked. On July 13, 2015, an undercover agent recorded a conversation with Appellant during which she discussed receiving payment in exchange for smuggling the contraband into the facility. Appellant was later arrested.

B.

In February 2016, a grand jury indicted Appellant and charged her with Hobbs Act extortion under color of official right in violation of 18 U.S.C. § 1951(a). She filed a motion to dismiss the indictment, arguing that pursuant to Justice Thomas's dissent in *Ocasio v. United States*, 136 S. Ct. 1423 (2016), the Hobbs Act does not apply to bribery. The district court denied Appellant's motion because "the majority opinion [in *Ocasio*] did not upset the existing state of the law [pursuant to *Evans v. United States*, 504 U.S. 255 (1992)] that the Hobbs Act covers bribery." J.A. 18.[1]

After Appellant's motion to dismiss was denied, she entered into a plea agreement with the Government. Under the terms of the plea agreement, Appellant waived her right to challenge her conviction except as to claims for ineffective assistance of counsel or prosecutorial misconduct. Appellant also reserved "the right to appeal as to the issue of whether 18 U.S.C. § 1951 extortion under color of official right is properly charged in bribery cases per the dissent in [*Ocasio*]." J.A. 34 (quoting J.A. 73 (sealed)).

On July 28, 2016, the district court[2] conducted a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. During the hearing, the Government read from the plea agreement, specifically mentioning Appellant's waiver of "all such rights to contest the conviction and/or sentence" in the absence of ineffective assistance of counsel

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[2] Appellant consented to having a magistrate judge preside over this proceeding.

or prosecutorial misconduct. J.A. 34. The Government clarified that Appellant also "reserve[d] the right to appeal as to the issue of whether 18 U.S.C. [§] 1951 extortion under color of official right is properly charged in bribery cases per the dissent in [*Ocasio*]." *Id.* Appellant's counsel emphasized, "[T]his is a conditional plea and what's reserved is the right to appeal the District Court's denial of a . . . pretrial motion to dismiss based on the *Ocasio* dissent." *Id.* at 35–36.

The district court then addressed Appellant as follows:

> THE COURT: Now, you are waiving some rights you have to appeal. This case is a little bit unusual and I think we covered that pretty clearly here, but you are nonetheless waiving some rights you have to appeal with some exceptions. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. Well, let me ask you two standard questions, then, on that topic. Do you understand that with those exceptions you are waiving the right to appeal your conviction and/or your sentence in the plea agreement? Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You also understand that with those exceptions you are also waiving the right to challenge your conviction and/or your sentence in what's called a "post-conviction proceeding"?
>
> THE DEFENDANT: Yes, Your Honor.

J.A. 36–37.

5

At the conclusion of the plea hearing, the district court determined that Appellant's plea was "knowingly and voluntarily made, and that [Appellant] underst[ood] the charges, potential penalties, and consequences of her plea." J.A. 40. The district court further found "that [Appellant's] plea [was] supported by an independent basis in fact, containing each of the elements of the offense to which she is pleading." *Id.* Therefore, the district court accepted Appellant's guilty plea. It later sentenced her to 18 months of imprisonment. Appellant timely appealed.

## II.

Appellant's principal argument on appeal is that her conduct does not constitute an "official act" -- as that term is defined in *McDonnell v. United States*, 136 S. Ct. 2355 (2016) -- necessary to prove Hobbs Act extortion under color of official right. The Government contends that Appellant waived her right to present this argument by entering into a plea agreement that contained an appellate waiver.

"We generally will enforce a waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal alterations and quotation marks omitted). We agree with the Government that the appellate waiver is valid and that Appellant's argument on appeal falls within the scope of the waiver. Accordingly, we grant the Government's motion and dismiss the appeal in part.

6

## A.

The appellate waiver in Appellant's plea agreement is valid. "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *Thornsbury*, 670 F.3d at 537. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (citing *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)); *see United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) ("[A] properly conducted Rule 11 colloquy establishes the validity of the waiver.").

Because the Government's counsel and Appellant's counsel discussed the scope of the waiver at the plea hearing, and the district court specifically questioned Appellant about her intent to waive her right to appeal her conviction, the appellate waiver in the plea agreement is valid. *See United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (holding that appellate waiver valid where "the district court read the appeal waiver aloud and questioned [the defendant] as to whether he 'underst[ood] the appellate rights [he was] giving up in that paragraph'").

## B.

Further, the principal issue Appellant seeks to raise on appeal is within the scope of the appellate waiver. Appellant contends that her conduct does not constitute an "official act" -- as that term is defined in *McDonnell v. United States*, 136 S. Ct. 2355 (2016) -- necessary to prove Hobbs Act extortion under color of official right. This issue is not an assertion of ineffective assistance of counsel or prosecutorial misconduct. And

7

the issue Appellant specifically reserved in her plea agreement -- "whether 18 U.S.C. § 1951 extortion under color of official right is properly charged in bribery cases per the dissent in [*Ocasio v. United States*, 136 S. Ct. 1423 (2016)]" -- does not encompass the *McDonnell* issue Appellant now raises.

Justice Thomas's dissent in *Ocasio* opines that Hobbs Act extortion under color of official right does not cover bribery. 136 S. Ct. at 1437 (Thomas, J., dissenting). The dissent asserts that the Supreme Court's decision in *Evans v. United States*, 504 U.S. 255 (1992) -- which defined Hobbs Act extortion under color of official right as "the rough equivalent of . . . taking a bribe," *id.* at 260 -- "wrongly equated extortion with bribery." *Ocasio*, 136 S. Ct. at 1437 (Thomas, J., dissenting). By contrast, the Court in *McDonnell* applied *Evans*'s definition of Hobbs Act extortion under color of official right in reviewing the conviction of a defendant who "had accepted bribes." 136 S. Ct. at 2365. Because *McDonnell* dealt with Hobbs Act extortion under color of official right in a bribery case, it cannot possibly form the basis for an argument that Hobbs Act extortion under color of official right is not "properly charged in bribery cases."

Indeed, this is precisely why Appellant's briefs in this appeal present the two issues in the alternative. And significantly, the Supreme Court had not yet decided *McDonnell* at the time *Ocasio* was decided, so neither the *Ocasio* majority opinion nor Justice Thomas's dissent relied on *McDonnell*. Thus, the principal issue Appellant seeks to raise on appeal falls within the scope of the valid appellate waiver in her plea agreement.

8

C.

Under certain circumstances, "[w]e will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Adams*, 814 F.3d at 182. We conclude that no such circumstances exist in this case. Therefore, we enforce the appellate waiver in Appellant's plea agreement.

III.

Appellant also argues, pursuant to the reasoning articulated by Justice Thomas's dissent in *Ocasio v. United States*, 136 S. Ct. 1423 (2016), that *Evans v. United States*, 504 U.S. 255 (1992), was wrongly decided. Like the district court, "we are not free to overrule or ignore the Supreme Court's precedents." *United States v. Cheek*, 415 F.3d 349, 353 (4th Cir. 2005). Accordingly, we affirm the district court's order denying Appellant's motion to dismiss the indictment on this basis.

IV.

For the foregoing reasons, we grant the Government's motion to dismiss the appeal in part. We affirm the district court's decision as to the remainder of the appeal.

*DISMISSED IN PART,*
*AFFIRMED IN PART*